UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Anheuser-Busch, Inc., a Missouri corporation, and InBev USA, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>Copley Distributors, Inc./Charles Fradin Inc.<br>a Rhode Island corporation,<br><br>Defendant. | C.A. No. 07-048-S |

**PLAINTIFF ANHEUSER-BUSCH, INC.'S OPPOSITION TO DEFENDANT COPLEY DISTRIBUTORS, INC./CHARLES FRADIN INC.'S EMERGENCY MOTION TO ENLARGE TIME TO FILE RESPONSIVE PLEADING**

Now comes plaintiff Anheuser-Busch, Inc. ("Anheuser-Busch") and hereby objects to defendant Copley Distributors, Inc./Charles Fradin Inc.'s Emergency Motion to Enlarge Time to File Responsive Pleading. In support hereof, Anheuser-Busch relies on the accompanying memorandum.

DATED this 22nd day of February, 2007.

ANHEUSER-BUSCH, INC.

By its Attorneys,

Joseph V. Cavanagh, Jr. #1139
Kristin E. Rodgers #4842
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)
jvc@blishcavlaw.com
ker@blishcavlaw.com

*Of Counsel*:

Peter E. Moll
Brian D. Wallach
Timothy Finley
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 783-0800
(202) 383-6610 (fax)
MollP@Howrey.com
WallachB@Howrey.com
FinleyT@Howrey.com

*Pro Hac Vice pending*

**CERTIFICATION**

I hereby certify that on the 22 day of February, 2007, an exact copy of the within document was submitted to the Electronic Filing System of the United States District Court for its distribution to all counsel of record identified below::

Preston W. Halperin, Esq.
Douglas A. Giron, Esq.
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
pwh@shslawfirm.com
dag@shslawfirm.com

Brian A. Goldman, Esq.
Goldman Law Offices
681 Smith Street
Providence, RI 02908
goldlaw@cox.net

Jeffrey C. Schreck, Esq.
99 Wayland Avenue, Suite 200
Providence, RI 02906
jshcreck@msn.com

Angel Taveras, Esq.
127 Dorrance Street
Providence, RI 02903
ataveras@ctpllp.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Anheuser-Busch, Inc., a Missouri corporation, and InBev USA, LLC, a Delaware limited liability company, | |
| Plaintiffs, | |
| vs. | C.A. No. 07-048-S |
| Copley Distributors, Inc./Charles Fradin Inc. a Rhode Island corporation, | |
| Defendant. | |

**PLAINTIFF ANHEUSER-BUSCH, INC.'S MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT COPLEY DISTRIBUTORS, INC./CHARLES FRADIN INC.'S EMERGENCY MOTION TO ENLARGE TIME TO FILE RESPONSIVE PLEADING**

Plaintiffs Anheuser-Busch, Inc. ("Anheuser-Busch") and InBev USA LLC ("InBev USA") filed this case on February 1, 2006. Rather than prepare a responsive pleading, defendant Copley Distributors, Inc./Charles Fradin Inc. ("Copley") engaged in forum shopping by filing a duplicative action in Rhode Island Superior Court five days later. The claims in Copley's state court complaint are all compulsory counterclaims in this federal action pursuant to Fed. R. Civ. P. 13(a).[1] The Rhode Island Superior Court declined to stay the state case, and Copley now attempts to use the pendency of that later-filed action to delay this case so that it can subsequently argue that this Court should stay this case because the proceedings in the state court are farther along than the proceedings in this Court.

---

[1] A copy of Copley's state court complaint is attached as Exhibit A. Even a cursory review of the allegations of the complaint reveals that all of the state court plaintiffs' claims arise out of the same "transaction or occurrence" that form the basis for the federal complaint. Fed. R. Civ. P. 13(a). The federal action and the state action both arise out of Copley's distribution agreement with InBev USA and Anheuser-Bush's acquisition of the United States importation rights to certain brands brewed in Europe by InBev nv/sa.

The only "emergency" here is one of Copley's making. As Copley's own motion makes clear, it made the tactical decision to file duplicative state court litigation in a forum that it apparently perceives to be more favorable. Fully aware that a responsive pleading was due on February 22nd, Copley waited until February 21st to file its "emergency" motion. Copley does not offer any explanation for its delay. These decisions on Copley's part should not create an emergency for the Court or the other parties.

Copley's rush to have this first-filed action heard in another forum is not sufficient "cause," as required by Rule 6(b), to enlarge the time for it to respond to plaintiffs' complaint in this Court. In contrast to its request to delay this case, Copley has repeatedly prevailed upon the state court to put that case on an expedited track and to proceed on an emergency basis with Copley's motion for a temporary restraining order—which was denied.[2] Copley now asks this Court to reward its forum shopping by allowing Copley to determine the schedule on which this matter will proceed.

Copley's suggestion that it needs "additional time to complete its legal research" (Def.'s Emerg. Mot., at 2) is difficult to take seriously. Copley has already briefed the same issues in connection with Anheuser-Busch's motion to stay the state court action and it has already informed this Court of the principal cases upon which it will rely. In state court, Copley argued to Judge Silverstein that "it is clear that the Rhode Island federal district court will grant a stay of the federal court actions," an argument that Copley should have made to this Court in the first instance and that it now seeks to improperly defer. In reality, Copley seeks to delay this case so that it can push forward

[2] On Wednesday, February 21, 2007, the same day that Copley filed this "emergency" motion, Copley filed a 23-page motion for reconsideration of the Superior Court's denial of Copley's motion for a temporary restraining order.

with its later-filed state court action, and then argue that this Court should stay this action because the state court action is farther along.[3]

Finally, Copley's reliance on the Supreme Court's decision in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), is misplaced. In *Wilton*, the Supreme Court held that it was not an abuse of discretion to stay an action that was filed one day after the federal plaintiff was notified that the federal defendant planned to file suit in state court. *Wilton* is consistent with a line of federal cases that have declined to apply the first-filed rule where that status was achieved only because one party rushed to the courthouse only after the other party gave notice of its intention to sue. In contrast, Anheuser-Busch had no notice that Copley planned to file suit in state court. Nor does *Standard Fire Insurance Co. v. Gordon*, 376 F. Supp. 2d 218 (D.R.I. 2005) support Copley's avowed intention to move for a stay of this case. This Court's refusal to stay the *second*-filed federal action in *Standard Fire* does not provide grounds for staying the *first*-filed federal action here, particularly where Copley's filing in state court was a "quick response" to the filing of this federal action, "designed to get home-court advantage." *Cf. Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7 (1st Cir. 1987) (holding that under 28 U.S.C. § 1404(a), there was no abuse of discretion in transferring later-filed New Hampshire action to Maine, where the second-filed New Hampshire action "indicated a quick response to [the] Maine suit, designed to get home-court advantage").

Copley's tactical maneuvering and forum shopping is an attempt to deprive this Court of its rightful jurisdiction and Anheuser-Busch of its chosen forum that should not be rewarded by this Court. Accordingly, the motion to enlarge time should be denied,

[3] That Copley named parties in the state action that are not parties to the federal action is immaterial. The question is whether the actions are "parallel," and Copley has already conceded this point. *See Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) (affirming stay where parties and issues were not identical: "the requirement is of parallel suits, not identical suits. A suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum").

and Copley should be required to file a responsive pleading by close of business on February 23, 2007.

DATED this 22nd day of February, 2007.

ANHEUSER-BUSCH, INC.

By its Attorneys,

Joseph V. Cavanagh, Jr. #1139
Kristin E. Rodgers #4842
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)
jvc@blishcavlaw.com
ker@blishcavlaw.com

*Of Counsel*:

Peter E. Moll
Brian D. Wallach
Timothy Finley
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 783-0800
(202) 383-6610 (fax)
MollP@Howrey.com
WallachB@Howrey.com
FinleyT@Howrey.com

*Pro Hac Vice pending*

**CERTIFICATION**

I hereby certify that on the 22 day of February, 2007, an exact copy of the within document was submitted to the Electronic Filing System of the United States District Court for its distribution to all counsel of record identified below::

Preston W. Halperin, Esq.
Douglas A. Giron, Esq.
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
pwh@shslawfirm.com
dag@shslawfirm.com

Brian A. Goldman, Esq.
Goldman Law Offices
681 Smith Street
Providence, RI 02908
goldlaw@cox.net

Jeffrey C. Schreck, Esq.
99 Wayland Avenue, Suite 200
Providence, RI 02906
jshcreck@msn.com

Angel Taveras, Esq.
127 Dorrance Street
Providence, RI 02903
atayeras@ctpllp.com

[signature]